# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### CHARLESTON DIVISION

| | |
|---|---|
| Kenneth Klaren and Nancy Klaren, Individually, and as Trustees of the Klaren Family Trust Dated November 5, 1993, )<br>)<br>)<br>)<br>Plaintiffs,      )<br>)<br>vs.                  )<br>)<br>David Scully, and )<br>Captain Graham Phister, )<br>)<br>Defendants.   )<br>_____ ) | Civil Action No. 2:03-2080-CWH<br><br>**ORDER** |

On February 15, 2001, the plaintiffs commenced Civil Action Number 2:01-455 against Trawlercat Marine, Inc. and Delta Marine Technologies, Inc, an entity in which David Scully is the sole shareholder. The action proceeded to arbitration. On March 9, 2004, the arbitrator determined that Delta Marine and Trawlercat were liable for breach of contract but did not apportion liability or award attorney's fees. On May 27, 2004, the arbitrator apportioned liability between Delta Marine and Trawlercat and awarded the plaintiffs contract damages, attorney's fees, and pre-arbitration award interest against both defendants. On June 8, 2004, the arbitrator clarified that his award of pre-arbitration award interest was to be calculated at a daily rate.

On August 3, 2004, the Court confirmed the arbitrator's award and ordered Delta Marine

to pay[1]: (1) $235,316.00 in damages for breach of contract; (2) $21,476.42 in attorney's fees; (3) $30,624.14 in pre-arbitration award interest;[2] (4) post-arbitration award and prejudgment interest on the damages for breach of contract and attorney's fees, which began running when the arbitrator apportioned liability on May 27, 2004; (5) post-arbitration award and prejudgment interest on the pre-arbitration award interest amount of $30,624.14, which began running on June 8, 2004, when the arbitrator clarified that his award of pre-arbitration award interest should be calculated at a daily rate; and (6) post-judgment interest accruing on the amounts listed in (1) through (5).  The Clerk entered judgment on August 5, 2004.

On June 24, 2003, the plaintiffs filed an action against David Scully individually, requesting that the Court pierce Delta Marine's corporate veil and hold Scully personally liable for the damages caused by Delta Marine.[3]  Scully failed to answer the individual action brought against him, and on December 9, 2003, the Clerk entered default.  On May 20, 2005, the plaintiffs filed a motion for default judgment, which the Court heard on July 25, 2005.

A defaulting party concedes the truth of allegations made in the complaint.  Ortiz-Gonzales v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002).  Accordingly, the Court finds that Scully is the alter ego of Delta Marine and is personally liable for the damages awarded to the plaintiffs against Delta Marine.

---

[1] Trawlercat was also ordered to pay damages, attorney's fees, and interest.

[2] Pre-arbitration award interest is interest that accrued from the date Delta Marine breached the contract with the plaintiffs to the date the arbitrator issued his decision and should be distinguished from prejudgment interest.

[3] The plaintiffs are also attempting to pierce Trawlercat's corporate veil and hold Captain Phister personally liable for the damages awarded against Trawlercat.  The plaintiffs' claims against Captain Phister are pending.

The Clerk of this Court is directed to enter judgment for the plaintiffs in this action against David Scully for: (1) the aforementioned award against Delta Marine in Civil Action 2:01-455, (2) post-judgment interest, which began accruing when the Clerk entered judgment against Delta Marine on August 5, 2004, and (3) post-judgment interest on the entire amount of the award issued against Scully in this order. All prejudgment and post-judgment interest listed in this order shall be determined according to the rate set forth in 28 U.S.C. § 1961.

**AND IT IS SO ORDERED**.

September 16, 2005  
Charleston, South Carolina

C. WESTON HOUCK  
UNITED STATES DISTRICT JUDGE